UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 14 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOHN DANIEL FAILS, JR., )
)
Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-02194 (UNA)
)
DAVID SHULKIN, )
)
Defendant. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint ("Compl.") and application to proceed *in forma pauperis* ("IFP"). The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a state inmate at Montana State Prison, located in Deer Lodge, MT, filed the complaint and IFP application on September 11, 2018. On October 12, 2018, the Court entered an Order directing plaintiff to supplement his IFP application within thirty days, as he had only submitted a partial prisoner trust fund account statement, failing to comply with 28 U.S.C. § 1915. On October 29, 2018, plaintiff filed the requisite supplemental information in compliance with the Court's Order. Therefore, the Court will turn now to the complaint.

Plaintiff purports to bring this matter pursuant to 42 U.S.C. § 1983, claiming due process violations due to the denial of Veterans Administration ("VA") benefits. Compl. at 1. The entirety of the complaint serves as a challenge to the VA's denial of plaintiff's claimed benefits

in October 2009. *See id.* at 1–3. Plaintiff seeks instatement of his claimed benefits, as well as an award of back-pay. *Id.* at 3.

Challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam), citing 38 U.S.C. § 511(a); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). Therefore, this Court lacks "subject matter jurisdiction over the complaint." *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see id.* at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases)); *see also Thomas*, 394 F.3d at 975. ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted)). Therefore, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November __14__, 2018